# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS LONNIE RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY WRIGHT, CASCADE COUNTY ADULT DETENTION REGIONAL CORRECTIONAL FACILITY CPL BRYCE, CO MILLER, CO PALTERS, CO ANDERSON, and CPL TROMBLEY,<br><br>Defendants. | Cause No. CV 13-0029-GF-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## SYNOPSIS

Pending are Plaintiff Thomas Rodriguez's Complaint filed pursuant to 42 U.S.C. § 1983 and Motion to Admit Exhibits. CD 1, 9. Mr. Rodriguez seeks to bring an Eighth Amendment claim alleging Defendants are liable for injuries he received after an altercation with another inmate. As Mr. Rodriguez was the aggressor in the incident which resulted in his injuries, his Eighth Amendment

1

claims fail as a matter of law. The Complaint should be dismissed and the dismissal should be considered a strike pursuant to 28 U.S.C. § 1915(g). The Motion to Admit Exhibits will be denied as moot.

## JURISDICTION

Mr. Rodriguez filed this action in federal court, in the Great Falls Division of the District of Montana. CD 2. Venue is proper, as he is incarcerated in and alleges wrongs committed in Cascade County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Rodriguez is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

### C. Eighth Amendment

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, ___ F.3d ___, 2013 WL 1811273 (9th Cir. May 1, 2013)(citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). But it is not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To prevail and recover damages on an Eighth Amendment deliberate indifference claim, a plaintiff must "prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the Eighth Amendment and (2) that this indifference was the actual

4

and proximate cause of the deprivation of the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A prison official may be found liable only when he "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Labatad, 2013 WL 1811273 at *4 (quoting Farmer, 511 U.S. at 847).

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

On December 6, 2012, Mr. Rodriguez was arguing with another inmate, Defendant Timothy Wright, about a DVD. Mr. Rodriguez slapped Mr. Wright opened handed in the face. Mr. Wright told Mr. Rodriguez to go into Mr. Wright's cell so Mr. Wright could "even the score." Mr. Rodriguez stood in the doorway of the cell yelling at Mr. Wright. Mr. Wright's cell mate shut the door with Mr. Rodriguez inside the cell. The inmates wrestled and Mr. Wright punched Mr. Rodriguez in the left eye. Mr. Rodriguez suffered a "fractured orbital" and had to have eye surgery. CD 2, p. 6.

After the altercation and to avoid getting into trouble with prison officials,

Mr. Rodriguez stayed in his room until December 9, 2012 when a nurse noticed his injury and he was taken for treatment. Thereafter, Mr. Rodriguez told a number of different stories to prison officials regarding his injury. He did not report the actual events until February, 2013 and was then disciplined for being the aggressor in the altercation and for giving false statements to prison officials. CD 5-1, p. 3.

## ANALYSIS

Mr. Rodriguez's Complaint fails to state a claim and is frivolous. Mr. Rodriguez slapped another inmate in the face and then complains that prison officials are responsible for failing to prevent the retaliation. Prior to Mr. Rodriguez slapping the other inmate, there was no indication in his Complaint that there was a serious threat to his safety. The only allegation in the Complaint is that the jail failed to have cameras in the pod and did not know that he had been assaulted (CD 2, p. 7). But, Mr. Rodriguez is the one who started this incident and who failed to report his injuries. There is no allegation in the Complaint that any official knew of or disregarded an excessive risk to Mr. Rodriguez's safety. See Farmer, 511 U.S. at 837.

In his motion to admit exhibits, Mr. Rodriguez makes the statement that he was attacked after he told staff that, "I was in danger, and I need to be moved for my safty [sic]". CD 9. Even if such a statement was made, Mr. Rodriguez cannot

recover for a failure to protect where he was so obviously the aggressor in the situation and there is no allegation that Mr. Rodriguez was placed in a situation likely to lead to a confrontation and/or violence.  He precipitated the violence by taking a DVD other inmates were watching, telling another inmate he was not afraid of him, and then slapping that inmate.

It is facially implausible that persons other than Mr. Rodriguez himself were responsible for the confrontation which lead to his injuries.  Mr. Rodriguez fails to state a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights.

Because the extent of Mr. Rodriguez's injuries is irrelevant at this point in the proceedings, the motion to admit exhibits will be denied as moot.

## CONCLUSION

Mr. Rodriguez has failed to state a federal claim for relief against Defendants.  These are not defects which could be cured by further amendments and the case should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).  Mr. Rodriguez has failed to state a claim upon which relief

may be granted and his claims are frivolous. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

>(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy,

745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Rodriguez has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Rodriguez shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

The Motion to Admit Exhibits (CD 9) is denied as moot.

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Rodriguez failed to state a claim upon which relief could be granted and his claims are frivolous.

9

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Rodriguez may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Rodriguez files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Rodriguez from relying on that fact or

argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of June, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge